# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

KAMARIO SMITH,

    Petitioner,

vs.

DWIGHT NEVEN, *et al.*,

    Respondents.

Case No. 2:14-cv-01021-GMN-NJK

**ORDER**

    This action is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by a Nevada state prisoner. This action proceeds on the *pro se* federal habeas petition. (ECF No. 6). By order filed October 21, 2014, the Court ordered respondents to file an answer or other response to the petition within 45 days. (ECF No. 7). On December 5, 2014, respondents filed an answer along with exhibits consisting of the state court record. (ECF Nos. 9, 10-12). Before the Court are several motions filed by petitioner.

    Petitioner has filed a renewed motion for the appointment of counsel. (ECF No. 5). Previously, petitioner filed a motion for the appointment of counsel which the Court denied in its order of October 21, 2014. (ECF Nos. 2 & 7). There is no constitutional right to appointed counsel for a federal habeas corpus proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir. 1993). The decision to appoint counsel is generally discretionary. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986), *cert. denied*, 481 U.S. 1023 (1987); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir.), *cert. denied*, 469 U.S. 838 (1984). The petition on file in this action is well-written and sufficiently clear in presenting the issues that

petitioner wishes to bring. The issues in this case are not complex. Nothing in petitioner's renewed motion for the appointment of counsel causes this Court to alter its decision to deny the appointment of counsel.

Petitioner has filed a motion to supplement his petition. (ECF No. 13). Supplemental pleadings are permitted, upon notice and motion, to set out "any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). Petitioner fails to set forth any new allegations that occurred after June 23, 2014, the date he dispatched his petition to this Court. Petitioner has not raised any new claims, but appears to be providing points and authorities on the claims previously raised in his petition. Petitioner shall set forth his points and authorities in his reply to respondents' answer. At the conclusion of this order, the Court sets forth a time period within which petitioner may file a reply to the answer. Petitioner's motion to supplement the petition is denied.

Petitioner has filed a document entitled "motion to dismiss." (ECF No. 20). Petitioner's motion does not appear to seek dismissal the petition or any part thereof. As such, petitioner's motion to dismiss is denied. To the extent that petitioner seeks a default judgment on the claims in his petition, such relief is not available. It is settled law that default judgments are not available in federal habeas corpus. *See Townsend v. Sain*, 372 U.S. 293, 312 (1963); *see also Gordon v. Duran*, 895 F.2d 610, 612 (9th Cir. 1990) (citations omitted).

Petitioner has filed a "motion for illumine." (ECF No. 21). The Court construes petitioner's motion as a request for the status of his case. Petitioner is informed that respondents have filed an answer and the next step is for petitioner to file a reply in response to the answer. As set forth at the conclusion of this order, petitioner is afforded an opportunity to file a reply. Thereafter, the matter will be submitted and the Court will issue a written order resolving the merits of the petition.

Petitioner has filed a motion to amend. (ECF No. 26). Rule 15(a)(2) provides that a party may amend its pleading only with the opposing party's written consent or the court's leave, and that the court should freely given leave when justice so requires. Fed. R. Civ. P. 15(a)(2). The Court may consider "bad faith, undue delay, prejudice to the opposing party, futility of the amendment, and whether the party has previously amended his pleadings" though each factor is not necessarily

1  given equal weight.  *Bonin v. Calderon*, 59 F.3d 815, 844-45 (9th Cir. 1995); *see also Foman v.*
2  *Davis*, 371 U.S. 178, 182 (1962).  Leave to amend may be denied if the proposed amendment is
3  futile or would be subject to dismissal.  *See Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991).
4  First, the Court notes that an answer to the petition has already been filed.  Second, petitioner's
5  motion does not comply with Local Rule 15-1, as petitioner has not included a proposed amended
6  petition with his motion.  Third and perhaps most importantly, petitioner has not set forth any reason
7  for the Court to grant him leave to amend the petition.  The interests of justice do not require
8  allowing petitioner to amend his petition in this instance.  Petitioner's motion to amend is denied.

9  **IT IS THEREFORE ORDERED** that petitioner's renewed motion for the appointment of
10 counsel (ECF No. 5) is **DENIED.**

11 **IT IS FURTHER ORDERED** that petitioner's motion to supplement the petition (ECF No.
12 13) is **DENIED.**

13 **IT IS FURTHER ORDERED** that petitioner's "motion to dismiss" (ECF No. 20) is
14 **DENIED.**

15 **IT IS FURTHER ORDERED** that petitioner's "motion for illumine," (ECF No. 21) is
16 **GRANTED**, to the extent that the Court has given petitioner an update on the status of this action.

17 **IT IS FURTHER ORDERED** that petitioner's motion to amend (ECF No. 26) is
18 **DENIED.**

19 **IT IS FURTHER ORDERED** that, within **thirty (30) days** from the date of entry of this
20 order, petitioner **SHALL FILE** his reply to the answer.

DATED this 28th day of September, 2015.

_____
Gloria M. Navarro, Chief Judge
United States District Court