UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

KAMARIO SMITH,

                                 Petitioner,

        v.

WARDEN RENEE BAKER, et al.,

                                 Respondents.

Case No. 2:14-cv-01021-GMN-NJK

ORDER

This is a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by a Nevada state prisoner.  The petition was filed on June 23, 2014, (ECF No. 1), and on October 21, 2014, the Court directed respondents to answer or otherwise respond. On December 5, 2015, respondents filed an answer.  (ECF No. 9).  Petitioner's reply was due to be filed no later than January 20, 2015.

Instead of filing a reply, petitioner moved for leave to supplement his petition and to dismiss.  Petitioner also filed a motion to amend his motion to dismiss, which the Court construed as a motion to amend the petition.  On September 28, 2015, the Court denied petitioner's motions and directed petitioner to file any reply to the answer no later than October 28, 2015.  Petitioner did not do so.

Nearly a year after the deadline to file a reply had expired, petitioner filed a motion to amend his petition and/or to stay and abey.  (ECF Nos. 33 & 34).  Respondents have opposed (ECF No.  36), and petitioner has replied (ECF No. 39).  In addition, respondents have filed a motion to substitute (ECF No. 40), and petitioner has filed a motion for judicial action (ECF No. 41).

As an initial matter, the respondents' motion to substitute will be granted. Warden Renee Baker will be substituted in place and stead of respondent Dwight Neven.

Turning to petitioner's motion to amend and/or stay, petitioner indicates in his reply that he is not at this time seeking to amend his petition but instead is seeking only a stay; petitioner indicates he would like to exhaust his new claims in state court before amending the petition. (ECF No. 39 at 2).

The petition in this case is fully exhausted. The Court has discretion to stay a fully exhausted petition to allow the petitioner to exhaust claims that are not part of the petition. *See King v. Ryan*, 564 F.3d 1133, 1140-41 (9th Cir. 2009). A stay of this type does not require a showing of good cause. *Id.* at 1140. There is no indication on the record that petitioner would be in a worse position if he waits to amend his petition until after his return from state court. Whether he amends the petition now or whether he amends it later, the claims will likely have to relate back to the claims in his original petition in order to be considered timely. *See Mayle v. Felix*, 545 U.S. 644, 659 (2005). While it appears that many of the new claims petitioner seeks to exhaust are untimely, at least some of the claims could potentially relate back to claims in the original petition. Accordingly, the Court concludes, in its discretion, that a stay of the petition to allow petitioner to exhaust his proposed new claims is appropriate. This action will therefore be stayed and administratively closed pending the exhaustion of the new claims in state court.

Several months after filing the motion to stay, petitioner filed a motion for judicial action on his petition. (ECF No. 41). Petitioner asserts that the Court has not taken any action on his petition, including ordering an answer from the respondents. This latter assertion is not true, as respondents have filed their answer pursuant to court order. However, the motion does not mention the pending motions to stay and abey and to amend. It is therefore unclear if petitioner is abandoning or withdrawing those motions and would prefer to proceed to a determination of his original petition on the merits. To the extent that petitioner no longer wishes to return to state court to exhaust his new claims and would instead prefer to proceed his pending petition, petitioner may file a

motion to reopen this action within thirty days of this Court's order. Petitioner may at the same time submit a new reply, if he so chooses, as the reply that is on the record (ECF No. 38) does not appear to respond to the answer and rather responds only to respondents' opposition to the motion to amend and/or stay. If petitioner does not submit a new reply at the time of filing any motion to reopen, the Court will proceed to decide the petition on the pleadings presently before the Court. The motion for judicial action will therefore be denied without prejudice.

In accordance with the foregoing, IT IS THEREFORE ORDERED:

1. Respondents' motion to substitute (ECF No. 40) is GRANTED. Warden Renee Baker is hereby substituted in place and stead of respondent Dwight Neven;

2. Petitioner's motion to stay (ECF No. 34) is GRANTED. Proceedings on this petition are hereby STAYED, and this action shall be ADMINISTRATIVELY CLOSED pending a motion to reopen;

3. Petitioner's motion to amend (ECF No. 33) is DENIED WITHOUT PREJUDICE to renew upon his return from state court;

4. Petitioner's motion for judicial action (ECF No. 41) is DENIED WITHOUT PREJUDICE; and

5. Should petitioner no longer wish to return to state court to exhaust his new claims, petitioner may file a motion to reopen this action within thirty days of this Court's order. Petitioner may submit a new reply at the same time, if he so chooses.

DATED THIS 30 day of ____ November 2017.

_____
GLORIA M. NAVARRO
UNITED STATES DISTRICT JUDGE